DAVID B. TILLOTSON. (SBN 148162)
Email:  dbt@jmblaw.com
JOHN A. LOFTON (SBN 222259)
Email:  jal@jmblaw.com
**JANIN, MORGAN & BRENNER**
220 Bush St., 17th Floor
San Francisco, California  94104
Telephone: (415) 981-0670
Facsimile:  (415) 981-1264

Attorneys for Defendants J.J.'s Mae, Inc. and Target Corp.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>TARGET CORP., a Minnesota corporation, et al.,<br><br>     Defendants. | Case No.:  CV 06-4641 DSF (AJWx)<br><br>**DEFENDANTS TARGET CORP. AND J.J.'s MAE, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (Local Rule 16-4)**<br><br>Pretrial Conference Date: July 7, 2008<br>Trial Date: August 5, 2008_ |

Defendants Target Corp. and J.J.'s Mae, Inc. hereby submit their Memorandum of Contentions of Fact and Law in the above-entitled action:

**I.     CLAIMS AND DEFENSES**

**A.     PLAINTIFFS' CLAIMS**

CLAIM NO. 1:  Copyright Infringement

Elements:  Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

a.     The Plaintiff is the owner of a valid copyright; and

b.     Defendants copied original elements from the copyrighted work.

See Ninth Circuit Manual of Model Civil Jury Instructions, §17.4 (2007).

CLAIM NO. 2:  Vicarious and/or Contributory Infringement

(Plaintiff alleges two causes of action as a single claim)

Elements of Vicarious Infringement:  Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

    a. A direct infringer infringed on Plaintiff's copyright;

    b. Defendants profited directly from the infringing activity of the direct infringer;

    c. Defendants had the right and ability to supervise or control the infringing activity of the direct infringer; and

    d. Defendants failed to exercise that right and ability.

See Ninth Circuit Manual of Model Civil Jury Instructions, §17.20 (2007).

Elements of Contributory Infringement:  Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

    a. A direct infringer infringed on Plaintiff's copyright;

    b. Defendants knew or had reason to known of the infringing activity of the direct infringer; and

    c. Defendants intentionally induced or materially contributed to the direct infringer's infringing activity.

See Ninth Circuit Manual of Model Civil Jury Instructions, §17.21 (2007).

**B.  EVIDENCE IN OPPOSITION TO PLAINTIFFS' CLAIMS**

Plaintiff does not own a valid copyright.  See Feist Publications, Inc. v. Rural Tel. Service. Co., 499 U.S. 340, 361, 111 S.Ct. 1281, 113 L.Ed.2d 358 (1991); Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996).  The assignment document that purportedly evidences the transfer of the copyright to Plaintiff by Studio Bernini is a falsified document, and Plaintiff has acknowledged that no other written transfer of ownership exists.  Plaintiff did not have any written transfer of ownership at the time it registered its copyright, so the registration was

ineffective.  The registration also contains other irregularities that render it fatally defective.  The deposition testimony of Plaintiff's principle, Jae Nah, supports these facts.

Alternatively, if Plaintiff has a valid copyright, it is a thin copyright as a matter of law and samples of the alleged infringing garments and testimony by Defendants' designated witnesses will establish that the garments at issue in this case are neither identical nor "substantially similar" to the Plaintiff's Subject Design.  See Express, LLC v. Fetish Group, Inc., 424 F.Supp.2d 1211, 1228 (C.D. Cal. 2006) (citing Three Boys Music Corp v. Bolton, 212 F.3d 477, 488 (9th Cir. 2000); Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1443 (9th Cir. 1994)).

Defendants will seek apportionment of profits between the copyrighted work and other factors that attributed to the profits in order to reduce the amount of the damage award.  Under 17 U.S.C. § 504(b), an apportionment of profits is allowed.  See Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 711 (9th Cir. 2004).  Although the division of profits between those portions attributable to the infringement and those attributable to other sources does not require "mathematical exactness", Defendants intend to introduce evidence and testimony to show that other factors, such as the style of the garment, the additional design that is co-mingled with the Subject Design, and other factors contributed significantly to the profits earned by the alleged infringers.  See Abend v. MCA, Inc., 863 F.29 1465, 1480 (9th Cir. 1988).

### C. AFFIRMATIVE DEFENSES

First Affirmative Defense

The Fourth Amended Complaint, and each claim asserted therein, fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

Second Affirmative Defense

If it should be determined that Plaintiff has been damaged, the proximate cause of such damages was the conduct of Plaintiff or others for which Defendants were not and is not responsible.

Fourth Affirmative Defense

At all times relevant to the Fourth Amended Complaint, Defendants had good faith defenses, based in law and/or fact, which, if successful, would preclude any recovery by Plaintiff based on the allegations of the Complaint.

### D. EVIDENCE IN SUPPORT OF AFFIRMATIVE DEFENSES

J.J.'s Mae's and Target's business records and deposition testimony establish that Defendants were at all times unaware that the garment at issue bore a design that Plaintiff has alleged was its protected intellectual property. J.J.'s Mae purchased the fabric bearing a modified version of the design from Gin'l Fabrics, a third party, who represented to J.J.'s Mae that there were no copyright issues. The documents show that it was Gin'l who acquired the fabric from Plaintiff, made infringing copies, and sold those infringing copies to J.J.'s Mae who remained unawares. Defendants had no direct access to Plaintiff's design at any time.

Moreover, the assignment document that allegedly evidences a transfer of ownership of the Subject Design from Studio Bernini to Plaintiff will establish that Plaintiff does not own a valid copyright, lacks standing to assert the infringement of copyright claims, and has failed to state a proper claim.

Testimony of Defendants' designated witnesses and a side by side comparison of the offending garment and the Subject Design will establish that they are not identical or substantially similar. To the extent there is any similarity, the evidence will show that any profits made by Defendants derived from the non-infringing portions of the garment, the design or the garment, and other attributes of the garment unrelated to the alleged infringement.

## II. ANTICIPATED EVIDENTIARY ISSUES

Defendants anticipate that Plaintiff will object to the use of summary charts and testimony and argument related to those charts. The charts indicate profit levels, costs, profit apportionment, and the like. They were prepared by Defendants in the normal course of business and were produced to Plaintiff during discovery. Defendants will oppose any restrictions on the charts or argument or testimony related thereto.

## III. BIFURCATION OF ISSUES

Defendants do not request bifurcation of any issues.

## IV. JURY TRIAL

Defendants do not request a jury trial. Defendants request a bench trial.

## V. ATTORNEYS' FEES

Attorneys' fees are recoverable pursuant to 17 U.S.C. §505. However, the award is discretionary. If Defendants are determined to be the prevailing party, they will seek an award of attorneys' fees and costs.

## VI. ABANDONMENT OF ISSUES

Defendants abandon their third affirmative defense.

Dated: June 19, 2008

JANIN, MORGAN & BRENNER
A Professional Corporation

By:  /s/John A. Lofton
John A. Lofton, Esq.
Attorneys for Defendant J.J.'s Mae, Inc. and Target Corp.