Jury Instruction No. _____
DAVID B. TILLOTSON. (SBN 148162)
Email:  dbt@jmblaw.com
JOHN A. LOFTON (SBN 222259)
Email:  jal@jmblaw.com
**JANIN, MORGAN & BRENNER**
220 Bush St., 17th Floor
San Francisco, California  94104
Telephone: (415) 981-0670
Facsimile:  (415) 981-1264

Attorneys for Defendants J.J.'s Mae, Inc. and Target Corp.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation,<br>Plaintiff,<br><br>vs.<br><br>TARGET CORP., a Minnesota Corporation; et al.,<br>Defendants. | Case No. CV06-4641 DSF (AJWx)<br>*Honorable Dale S. Fischer Presiding*<br><br>DEFENDANTS' [PROPOSED]  JURY INSTRUCTIONS AND OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS<br><br>Final Pre-trial Conference: July 7, 2008<br><br>Trial Date: August 5, 2008 |

　　In addition to the undisputed jury instructions already filed, Plaintiff proposes a modified version of Instruction No. 17.24 and its own Special Instruction No. 2.  Defendants request Instruction No. 17.26.  Defendants' versions of these instructions and their arguments are set forth below.

Jury Instruction No. _____

## 17.24 COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS (17 U.S.C. § 504(B))

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal nexus between the infringement and the defendant's gross revenue.

The defendant's profit is determined by deducting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the sale of a product containing or using the copyrighted work. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.  The defendant must also establish that any overhead to be deducted is directly related to the infringement.

Unless you find that a portion of the profit from the use or sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the apportionment of any percentage of the profit, if any, attributable to factors other than the copyrighted work.  Mathematical exactness is not required.  However, a reasonable and just apportionment of profits is required.  Any doubts as to the correctness of the profit calculation should be resolved in favor of the Plaintiff.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.24 (2007

Jury Instruction No. _____

Modification:   Yes.

Authority: <u>Kamar Int'l, Inc. v. Russ Berrie & Co</u>., 752 F.2d 1326, 1332 (9th Cir. 1984). (Burden of proof is on defendants to show connection between deduction for expenses and sale of infringing product);  <u>Eales v. Envtl. Lifestyles, Inc</u>., 958 F.2d 876, 881 n. 4(9th Cir.) ("Any doubts as to the correctness of the profit calculation should … be resolved in favor of the Plaintiff."); <u>Polar Bear Productions, Inc.</u>, 384 F.3d 700, 711, 711 n.8, 714 n.10 (9th Cir. 2004); <u>Frank Music Corp. v. Metro Goldwyn-Mayer, Inc.</u>, 772 F.2d 505, 518 (9th Cir. 1985); <u>Frank Music Corp. v. Metro Goldwyn-Mayer, Inc.</u>, 886 F.2d 1545, 1549 (9th Cir. 1989); <u>Nintendo of Am. V. Dragon Pac. Int'l</u>, 40 F.3d 1007, 1012 (9th Cir. 1994); <u>Mackie v. Rieser</u>, 296 F.3d 909, 916 (9th Cir. 2002); <u>Jarvis v. A & M Records</u>, 827 F.Supp. 282 (D.C. N.J. 1993); <u>Kamar Int'l, Inc. v. Russ Berrie & Co</u>., 752 F.2d 1326, 1331-32 (9th Cir.1984); <u>Three Boys Music Corp. v. Bolton</u>, 212 F.3d 477, 487 (9th Cir. 2000); <u>Sheldon v. Metro-Goldwyn Pictures Corp.</u>, 309 U.S. 390, 404 (1940).

Jury Instruction No. _____

**ARGUMENT IN FAVOR OF DEFENDANTS' PROPOSED INSTRUCTION NO. 17.24**

Defendants request that the Court adopt their version of this instruction for the following reasons:

1. Plaintiff's version omits the second sentence from the Model Instruction: "You may make an award of the defendant's profits only if you find that the plaintiff showed a causal nexus between the infringement and the defendant's gross revenue." Defendants' version includes that sentence. This sentence accurately reflects the plaintiff's burden of establishing that the claimed profits are actually the result of sales of the infringing garments. See 17 U.S.C. §504(b); Three Boys Music Corp. v. Bolton, 212 F.3d 477, 487 (9th Cir. 2000).

2. Plaintiff's version includes a lengthy paragraph that is not found in the Model Instruction:
"All deductions from revenues claimed by a defendant must be shown to have a substantial connection to the sale of the infringing goods. The burden is on the defendants to prove any deductible costs or expenses that were directly connected to the sales of the infringing goods and a fair method of allocating them to the infringing activity. If a defendant cannot show that the expense is directly attributable to the sale of the infringing good, you should not allow the defendant to deduct that expense. Any doubt as to the correctness of the profit calculation should be resolved in favor of the plaintiff."

This paragraph is unnecessarily duplicative. Defendants' proposal: "The defendant must also establish that any overhead to be deducted is directly related to the infringement." is sufficient without being prejudicial.

3. Plaintiff alters the next paragraph to add language that any doubts are to be resolved in favor of the plaintiff. Defendants concede this point if it is kept in context with a statement that "Mathematical exactness is not required; a reasonable approximation is acceptable." This language is taken directly from Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 777 F.2d 505, 518 (9th Cir. 1985) (citing Sheldon v. Metro-Goldwyn Pictures, Inc., 309 U.S. 390, 408 (1939)).

4. The last paragraph proposed by Plaintiff is a misstatement of the law. Plaintiff proposes: "If you find that Defendant Target Corp. or J.J.'s Mae, Inc. willfully infringed Plaintiff's rights in Design R1204, you should deny the willful party from deducting the costs and/or overhead they have claimed in connection with its sales of the allegedly infringing garments." In Kamar Int'l, Inc. v. Russ Berrie & Co., 752 F.2d 1326, 1332 (9th Cir.1984) and Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 777 F.2d 505, 515 (9th Cir. 1985) both courts expressly held that overhead costs may be deducted from the infringer's profits even when such infringement is willful.

Jury Instruction No. _____

**17.26 COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT (17 U.S.C. § 504(C)(2))**

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that its acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that its acts constituted an infringement of the copyright.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.26 (2007)

Modification:   Yes, brackets removed to specify gender.

Jury Instruction No. _____

**ARGUMENT IN FAVOR OF DEFENDANTS' PROPOSED INSTRUCTION NO. 17.26**

      Plaintiff requested and Defendants agreed to include Instruction No. 17.27 Copyright—Damages—Willful Infringement. Defendants have stated in the Proposed Final Pretrial Order that they intend to establish innocent infringement as a defense. If the jury is to be instructed on willful infringement, it necessarily must be instructed on innocent infringement as well.

Jury Instruction No. _____

PLAINTIFF'S SPECIAL INSTRUCTION NO. 2 – Modifications are Evidence of Infringing Conduct

If you find that the party that created the fabric at issue made small alterations to the design, such as adding small amounts additional subject matter, you may find these alterations to be evidence of infringement. The allegedly infringing design does not have to be identical to the plaintiff's design and slight modifications to the design do not allow buyers and sellers of that product to escape liability for infringement.

Authority: Runge v. Lee, 441 F.2d 579, 582 (9 Cir. 1971). (slight modifications made to obfuscate piracy do not allow an infringer to escape liability for the infringement.) Universal Pictures Co., Inc. v. Harold Lloyd Corp., 162 F.2d 354, 360 (9th Cir. 1947)("[An] infringement is not confined to literal and exact repetition or reproduction; it includes also the various modes in which the matter of any work may be adopted, imitated, transferred, or reproduced, with more or less colorable alterations to disguise the piracy.");  Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936); ("... no plagiarist can excuse the wrong by showing how much of his work he did not pirate.") Nichols v. Universal Pictures Corp., 45 F.2d 119, 121 (2 Cir. 1930). (infringement "cannot be limited literally to the text, else a plagiarist would escape by immaterial variations.")

Jury Instruction No. _____

### DEFENDANTS' OBJECTION TO PLAINTIFF'S SPECIAL INSTRUCTION NO. 2

The cases cited as authority by Plaintiffs do not provide any basis for an instruction that "modifications are evidence of infringing conduct." To the contrary, those cases merely stand for the proposition that modifications to a copyrighted work do not <u>negate</u> infringement. This proposition is not in dispute and is adequately covered by the references to substantial similarity in Instructions Nos. 17.0 and 17.15.