UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-4641 DSF (AJWx) | Date | 8/11/08 |
|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Target Corp., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order Re Disputed Jury Instructions

The parties have submitted proposed jury instructions, some of which are in dispute. Having considered the submissions of the parties, the Court rules as follows regarding the disputed instructions.

### A. Jury Instruction 17.24

Each party proposes certain modifications to Ninth Circuit model jury instruction 17.24, regarding recovery of a defendant's profits in copyright actions. Defendants' modifications seek to clarify modifications suggested by Plaintiff.

### 1. Analysis of Proposed Modifications

Plaintiff first proposes deleting the sentence: "You may make an award of the defendant's profits only if you find that the plaintiff showed a causal nexus between the infringement and the defendant's gross revenue." This sentence accurately reflects the law. See Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 711 (9th Cir. 2004) ("[Section] 504(b) creates a two-step framework for recovery of indirect profits: 1) the copyright claimant must first show a causal nexus between the infringement and the gross revenue; and 2) once the causal nexus is shown, the infringer bears the burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

apportioning the profits that were not the result of infringement.")[1]  It will be included in the instruction.

 Plaintiff also proposes adding the following paragraph:
> All deductions from revenues claimed by a defendant must be shown to have a substantial connection to the sale of the infringing goods.  The burden is on the defendants to prove any deductible costs or expenses that were directly connected to the sales of the infringing goods and a fair method of allocating them to the infringing activity.  If a defendant cannot show that the expense is directly attributable to the sale of the infringing good, you should not allow the defendant to deduct that expense.  Any doubt as to the correctness of the profit calculation should be resolved in favor of the plaintiff.

The Court agrees with Defendants that much of this additional language is duplicative of statements elsewhere in the instruction.  Defendants' proposed addition of "The defendant must also establish that any overhead to be deducted is directly related to the infringement" is adequate to reflect the principal Plaintiff wishes to convey.

 Plaintiff proposes to add the following language to the sixth paragraph of the instruction:
> Where defendant cannot offer this proof, or infringing and non-infringing elements of a work cannot be readily separated, all of the Defendant's profits should be awarded to the Plaintiff.  The benefit of the doubt in making this determination should be in favor of Plaintiff.

Defendants do not object to the first sentence, which reflects the law.  See <u>Sheldon v. Metro-Goldwyn Pictures Corp.</u>, 309 U.S. 390, 401-02 (1940).  They also agree that the second sentence reflects the law, see <u>Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.</u>, 772 F.2d 505, 514 (9th Cir. 1985), but propose that the following be added: "Mathematical exactness is not required.  However, a reasonable and just apportionment of profits is required."  This language is quoted from <u>Frank Music Corp.</u>  See <u>id.</u> at 518.  The Court adopts the changes proposed by both parties.

 Defendants do not object to Plaintiff's proposed addition of the sentence "Defendants are not allowed to deduct charge-backs, non-payments by its customers, or losses on returned goods, from its gross profits."  See <u>Jarvis v. A & M Records</u>, 827 F. Supp. 282, 294 (D. N.J. 1993); Melville B. Nimmer, 4 <u>Nimmer on Copyright</u> §

---

[1] Although this quotation refers to indirect profits, gross revenue must always be associated with infringement, including when direct profits are sought.  See <u>Polar Bear Prods.</u>, 384 F.3d at 711 n.8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

14.03[C][1] (2007).

However, they object to the following proposed addition:

If you find that Defendant Target Corp. or J.J.'s Mae, Inc. willfully infringed Plaintiff's rights in Design R1204, you should deny the willful party from deducting the costs and/or overhead they have claimed in connection with its sales of the allegedly infringing garments.

Courts are split regarding whether willful infringers may deduct overhead expenses. See ZZ Top v. Chrysler Corp., 70 F. Supp. 2d 1167, 1168 (W.D. Wash. 1999) (disagreeing with courts disallowing deduction). The issue remains unresolved in the Ninth Circuit. See id. at 1168-69 (citing Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 515 (9th Cir. 1985); Kamar Int'l, Inc. v. Russ Berrie & Co., 752 F.2d 1326, 1331 (9th Cir.1984)). The Court is persuaded by the reasoning of ZZ Top that "neither the language of the statute, its legislative intent, nor the relevant case law requires . . . prohibiting defendants from putting on evidence regarding its overhead costs." Id. at 1169. Plaintiff certainly has not demonstrated that such a prohibition should apply. Plaintiff's suggested language will not be included in the instruction.

**2. Instruction**

The Court is inclined to give the following instruction:

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal nexus between the infringement and the defendant's gross revenue.

The defendant's profit is determined by deducting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the sale of a product containing or using the copyrighted work. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence. The defendant must also establish that any overhead to be deducted is directly related to the infringement. Defendants are not allowed to deduct charge-backs, non-payments by customers, or losses on returned goods, from gross profits.

Unless you find that a portion of the profit from the use or sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work. Mathematical exactness is not required. However, a reasonable and just apportionment of profits is required. Where defendant cannot offer this proof, or infringing and non-infringing elements of a work cannot be readily separated, all of the defendant's profits should be awarded to the plaintiff. Any doubts as to the correctness of the profit calculation should be resolved in favor of the plaintiff.

### B. Jury Instruction 17.26

Defendants propose that Ninth Circuit model jury instruction 17.26, regarding innocent infringement, be given because the instruction for willful infringement will be given. Heightened statutory damages for willful infringement and mitigated damages for innocent infringement are both provided for in 17 U.S.C. § 504(c)(2). It is appropriate to give both instructions.

### C. Plaintiff's Special Instruction No. 2

Plaintiff proposes the following special instruction:
> If you find that the party that created the fabric at issue made small alterations to the design, such as adding small amounts [of] additional subject matter, you may find these alterations to be evidence of infringement. The allegedly infringing design does not have to be identical to the plaintiff's design and slight modifications to the design do not allow buyers and sellers of that product to escape liability for infringement.

Defendants are correct that the authority cited by Plaintiffs does not establish the first proposition. However, it does support the second. Defendants suggest that Ninth Circuit model jury instructions 17.0 and 17.15 adequately address the point because they state that a plaintiff need only establish substantial similarity with the allegedly infringed design. However, there is no discussion of the meaning of substantial similarity in the instructions, and Plaintiff's proposed instruction will help clarify the grounds for liability. Rather than give a separate instruction, the Court is inclined to append the second sentence of Plaintiff's proposed instruction to the end of model instruction 17.15.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL