UNITED STATES DISTRICT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **CV06-4641-RT (AJWx)** | Date | November 5, 2008 |
|---|---|---|---|

| Title | LA PRINTEX INDUSTRIES, INC. v. TARGET CORP., et al. |
|---|---|

Present: The Honorable    ROBERT J. TIMLIN.,  UNITED STATES DISTRICT COURT JUDGE

| Patricia Gomez | Not Applicable |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:


**Proceedings:**    **(IN CHAMBERS) -ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY ADJUDICATION FILED ON OCTOBER 15, 2008**

        The court has read and considered Plaintiff LA Printex Industry Inc.'s Ex Parte Request for Leave to File a Motion for Summary Adjudication Pursuant to Federal Rule of Civil Procedure 56 ("Request"), filed on October 15, 2008, its supporting documentation, and Defendants Target Corporation and J. J. Mae, Inc.'s Opposition and their supporting documentation.  The court has also reviewed the court file and taken judicial notice of certain orders.

        On March 12, 2008, Judge Dale Fischer, the prior Judge presiding in this case, issued a management order in which she ordered that all pretrial motions be set for hearing no later than July 7, 2008.  This order was never modified or vacated, except as to one portion. The Judge presently presiding, during a telephonic status conference with counsel on October 1, 2008, rescheduled the trial date for January 20, 2009.  Contrary to Plaintiff's suggestion, this court's October 1, 2008 order rescheduling the trial date did not constitute a setting aside or vacating of Judge Fischer's March 12, 2008 management order.  At the telephonic scheduling conference on October 1, 2008, the court never addressed any of the management dates previously set by Judge Fischer, except the trial date.  Consequently, the court concludes that the portion of Judge Fischer's March 12, 2008 order setting the motion hearing cut-off date for July 7, 2008 presently exists and is controlling.

        Plaintiff's Request reflects its understanding that the time had expired for filing a summary judgment motion under Judge Fischer's prior order setting the final date for hearing of such a motion.  The court concludes that Plaintiff has not established sufficient good cause, for this court to modify Judge Fischer's management order to allow Plaintiff to file an untimely motion for summary adjudication, pursuant to Federal

CV-90 (12/02)                    **CIVIL MINUTES - GENERAL**                    Initials of Deputy Clerk pg

Rules of Civil Procedure, Rule 16(b)(4).  As pointed out by defendants, the trial is set for January 20, 2009.  If Plaintiff is allowed to file a summary adjudication motion, it may be necessary for the parties to reopen discovery and defendants, if they request, may be allowed to file a cross-motion for summary judgment or summary adjudication of certain issues.  Further, the ruling on such motions may result in the filing of in limine motions additional to those already decided by the court, in changing proposed jury instructions already submitted to the court and amending the current pretrial conference order.

As stated by Judge Fischer in her order denying a motion by Plaintiff substantially similar to this Request, Plaintiff could have filed a timely motion for summary judgment before July 7, 2008, but did not do so due to its lack of diligence.  Accordingly, the court will DENY the Request by Plaintiff.


**IT IS SO ORDERED**.

---

CV-90 (12/02)                    **CIVIL MINUTES - GENERAL**                    Initials of Deputy Clerk pg